IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$101,510.59 FROM REGIONS BANK ACCOUNT XXXXXX6528;<br><br>    Defendant. | Civil Action No.<br>       2:20-cv-529 |

## VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Eric G. Olshan, Assistant United States Attorney for the Western District of Pennsylvania, and respectfully represents as follows:

1.      Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States of the following property (collectively the "Defendant Property") pursuant to 18 U.S.C. § 981(a)(1)(C):   $101,510.59 FROM REGIONS BANK ACCOUNT XXXXXX6528.

2.      Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355.   Venue is proper under 28 U.S.C. §§ 1395 and 1355.

## BACKGROUND ON USDA FEEDING PROGRAMS

3.      The United States Department of Agriculture (USDA) uses federal tax dollars to fund the Child Nutrition Programs.   The Food and Nutrition Service ("FNS") is an agency of the USDA that administers the so-called Child Nutrition Programs at the national level.   The Child Nutrition Programs include the Summer Food Service Program ("SFSP") and the Child and Adult Care Feeding Program ("CACFP") (collectively, "the Feeding Programs").   SFSP ensures that children in low-income areas continue to receive nutritious meals during the summer months when

schools are normally closed and the National School Lunch/School Breakfast Programs are not in operation.  Likewise, CACFP has an At-Risk Afterschool component that offers federal funding to afterschool programs that serve a meal and/or snack to children in low-income areas.

4. In Pennsylvania, the SFSP and CACFP are administered by the Pennsylvania Department of Education (PADOE).

5. "Sponsors" are organizations that participate in the Feeding Programs.  Public and private nonprofit and for-profit organizations that meet specific requirements can participate as Sponsors in the At-Risk Afterschool component of CACFP.  However, only nonprofit organizations are eligible to participate as Sponsors in SFSP.

6. In Pennsylvania, Sponsors seeking to participate in the Feeding Programs are required to submit an application to PADOE for approval.

7. Sponsors are required to obtain PADOE approval for each "Site" from which they intend to operate the Feeding Programs.  A Site is the location where meals are served under each of the Feeding Programs during a supervised time period.  A Site can include locations such as schools, recreation centers, playgrounds, parks, places of worship, community centers, and public housing facilities.  When Sponsors enter into an agreement with PADOE, they acknowledge their responsibility to oversee the administration of their Feeding Program(s) at their approved Site(s).

8. Based on guidance published by the USDA, PADOE has established requirements for persons who are eligible to receive meals under the Feeding Programs ("Eligible Persons") and for meals that are eligible to be served under the Feeding Programs ("Eligible Meals").

9. A meal is considered reimbursable under the Feeding Programs when it is physically served, and if it contains all of the required components (within specific nutrition guidelines) pursuant to program regulations.

10. In order to receive reimbursement, Sponsors must submit a reimbursement claim based on, among other things, the number of Eligible Meals served to Eligible Persons at approved Sites. The amount of each claim is based on a straight-forward calculation: the number of Eligible Meals served to Eligible Persons is multiplied by a payment rate established by Congress.

11. Sponsors authorized to participate in a Feeding Program generally provide bank account information to PADOE and claim reimbursement payments are disbursed via direct deposit into the designated accounts.

## HOIN'S PARTICIPATION IN PADOE'S FEEDING PROGRAMS

12. On or about January 6, 2014, a Certificate of Formation for a Nonprofit Corporation was filed in Texas for an entity called HOIN. HOIN also is registered as a tax-exempt organization with the IRS under the name HOIN Inc. It has been assigned an Employee Identification Number of 46-4476783.

13. HOIN began participating in the Feeding Programs in Pennsylvania in and around 2015. HOIN initially submitted an SFSP application to PADOE in the summer of 2015. Subsequently, HOIN became an SFSP Sponsor, and filed claims for reimbursement to PADOE based on its participation, in the summers of 2015, 2017, and 2018. HOIN also submitted applications to PADOE to participate as a Sponsor in CACFP beginning in the school year 2015-2016. PADOE approved HOIN's participation in CACFP during the 2015-2016, 2016-2017, 2017-2018, and 2018-2019 school years.

14. Beginning in and around 2015, HOIN received direct deposits of Feeding Program reimbursement funds from PADOE into multiple bank accounts specified by HOIN. For example, between 2015 and 2017, HOIN utilized bank accounts at 1st Convenience Bank of Texas and, later, Woodforest National Bank. Beginning in and around October 2017 and continuing

until in and around April 2019, PADOE reimbursement payments were transferred into a HOIN account at Bank of America. Reimbursements during this time totaled more than $2,000,000.

15. From in and around June 2014 through in and around March 2019, HOIN received approximately $4,000,000 in reimbursements from PADOE for SFSP and CACFP claims.

16. Beginning in and around the summer of 2015 and continuing through in an around May 2019, HOIN and individuals who controlled the entity, directly and indirectly, devised and executed a scheme and artifice to defraud PADOE of federally funded SFSP and CACFP reimbursements through materially false statements and representations. To execute the scheme and artifice to defraud, including through the use of the mail and by means of wire communications, HOIN and individuals who controlled the entity, directly and indirectly, engaged in the following fraudulent activities, among others:

    a. submitting SFSP and CACFP Sponsor applications falsely claiming that none of HOIN's principals had been declared ineligible to participate in the Feeding Programs during the prior seven years;

    b. submitting SFSP and CACFP reimbursement requests that falsely inflated the number of meals served at HOIN Sites;

    c. submitting SFSP and CACFP reimbursement requests for meals that did not contain all of the required food and beverage components as mandated by USDA and PADOE, and therefore were not compensable;

    d. submitting SFSP and CACFP reimbursement request for Sites where HOIN served no meals; and

    e. fabricating invoices, purchase records, and other documentation submitted to PADOE in the course of official audits of HOIN's operation in an effort to justify inflated and otherwise fraudulent SFSP and CACFP reimbursement requests.

17. Between in and around summer 2015 and in and around April 2019, individuals who controlled HOIN, directly and indirectly, transferred tens of thousands of dollars out of the bank accounts where HOIN received PADOE reimbursements for their personal benefit.

18. In and around late April 2019, a representative of HOIN notified PADOE that HOIN was changing bank accounts from Bank of America to Regions Bank account XXXXXX6528, which had been opened previously in the name of HOIN, Inc.

19. On or about May 20, 2019, PADOE initiated a deposit of $101,740.14 to Regions Bank account XXXXXX6528 representing a reimbursement for purported HOIN CACFP expenses accrued in March and April 2019.

20. On or about May 28, 2019, pursuant to a federal seizure warrant, funds in Regions Bank account XXXXXX6528 in the amount of $101,510.59 were seized.

21. Accordingly, funds contained in Regions Bank account XXXXXX6528 represent property that constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341, 1343, and 1349.

22. By reason of the foregoing, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C).

WHEREFORE, the United States respectfully requests that process of warrant *in rem* issue for the arrest of the Defendant Property; that judgment of forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this action.

        Respectfully submitted,

        SCOTT W. BRADY
        United States Attorney

        /s/ Eric G. Olshan
        ERIC G. OLSHAN
        Assistant U.S. Attorney
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        IL ID No. 6290382

## VERIFICATION

I am a Special Agent of the United States Department of Agriculture, Office of Inspector General, and the case agent assigned the responsibility for this case. I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct. Executed on this 7TH day of APRIL, 2020.

Grant Friday, Special Agent
U.S. Department of Agriculture